UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-162 (BAH) |
| | : | |
| TERRY LYNN LINDSEY, | : | |
| | : | |
| Defendant. | : | |

REPLY TO DEFENDANT'S REPONSE
TO MOTION *IN LIMINE* TO PRECLUDE
IMPROPER DEFENSE ARGUMENTS AND EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits the following reply to the Defendant's response to the Government's Motion *in Limine* to preclude improper defense evidence and argument. The United States' Motion was addressed only to the legal defense of estoppel, and was not intended to address the *mens rea* element of 18 U.S.C. § 1752(a)(1) or the defendant's anticipated good faith defense. Accordingly, Defendant's objection to the Motion is misplaced, and the Motion should be granted.

Count One of the Information against defendant Terry Lynn Lindsey ("Lindsey") alleges that on January 6, 2021, Lindsey knowingly entered and remained in the United States Capitol without lawful authority to do so, in violation of section 1752(a)(1). *See* ECF No. 5 at 1. Establishing a violation of section 1752(a)(1) requires proof beyond a reasonable doubt that (1) the defendant entered or remained in a restricted building without lawful authority to do so; and (2) that the defendant did so knowingly. ECF No. 69-2 at 4; *see also United States v. Jabr*, No. 18-105 (PLF), 2019 WL 13110682, at *6 (D.D.C. May 16, 2019), *aff'd in relevant part*, 4 F. 4th 97 (D.C. Cir. 2021) (quoting 18 U.S.C. § 1752(a)(1)).

The United States' Motion addresses the first element: whether Lindsey actually had lawful authority on January 6, 2021 to enter or remain in the U.S. Capitol Building or its grounds. The United States requests the Court instruct Lindsey that he may not "suggest[] that any alleged inaction on the part of the police made his conduct legal by estoppel." ECF No. 71 at 3. That is, Lindsey should not be able to argue that the alleged conduct of law enforcement officers in the face of a violent mob somehow provided lawful authority for Lindsey and his fellow rioters to enter or remain in the U.S. Capitol Building or its restricted grounds.

It is generally accepted that "[t]he term 'lawful authority' limits the scope of Section 1752, criminalizing the actions of only those without lawful authority to enter restricted areas or buildings, and avoids criminalizing the conduct of those who have such authority – such as Secret Service agents, other authorized official personnel, or members of the public with requisite permission." *Jabr*, 2019 WL 13110682, at *10 (citing 157 CONG. REC. H1372-01 (daily ed. Feb. 28, 2011) (statement of Rep. Rooney)). The "without lawful authority" language of section 1752(a)(1) makes clear that individuals such as Capitol Police officers and Secret Service agents, who have legal authority to enter and remain in restricted buildings and grounds, are not violating the law. *Id.* Whatever Lindsey's purported state of mind, it cannot seriously be argued that he and his fellow rioters had lawful authority to breach the U.S. Capitol Building or its restricted grounds on January 6, 2021. And no alleged conduct or statements made by law enforcement officers – vastly outnumbered and quickly overwhelmed by Lindsey and the violent mob – could grant Lindsey lawful authority to be there.

The Motion was not intended to limit Lindsey's ability to present relevant evidence regarding his state of mind or purported good faith. However, such evidence must be limited to

events and conduct that Lindsey actually observed. For example, Lindsey should not be able to introduce evidence (to the extent that it exists) of officers permitting rioters entry to the Capitol Building on January 6 if that conduct was not known to Lindsey at the time. Lindsey must have contemporaneously observed or otherwise been aware of the conduct in order for it to have affected his *mens rea*. For evidence of good faith to be admissible, a defendant first must lay a proper foundation that demonstrates that he "actually relied" upon the specific material that is being offered. *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1991); *see also United States v. Willie*, 941 F.2d 1384, 1391-95 (10th Cir. 1991) (excluding exhibits because defendant failed to establish a foundation for admissibility related to his actual state of mind, motives, and purposes). In the absence of actual reliance, such materials have no probative value. *Powell*, 955 F.2d at 1214 ("Legal materials upon which the defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue."). In the absence of any evidence that Lindsey was aware of and relied upon "any purported conduct by police officers," such evidence is irrelevant and thus is inadmissible.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    UNITED STATES ATTORNEY
                    DC BAR NO. 481052

By:    */s/ Jordan A. Konig*
        JORDAN A. KONIG
        Trial Attorney, Tax Division,
        U.S. Department of Justice
        Detailed to the U.S. Attorney's Office
        For the District of Columbia
        P.O. Box 55, Washington, D.C. 20044
        202-305-7917 (v) / 202-514-5238 (f)
        Jordan.A.Konig@usdoj.gov